IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD PAUL RICHARDSON,

        Plaintiff,

v.                      No. 14cv616 MV/GBW

CITY OF LAS CRUCES *et al.*,

        Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 3, filed July 3, 2014) ("Application to proceed IFP"). For the reasons stated below, the Court will **DENY** Plaintiff's Application to proceed IFP.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

While the Court should not deny a person the opportunity to proceed under

28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002).

If it denies a request for IFP status, the Court may enter an order denying IFP status and requiring the plaintiff to pay the filing fee within a certain time period, and later dismissing the case without prejudice if the plaintiff fails to timely pay the filing fee. *See Raynor v. Wentz*, 357 Fed.Appx. 968 (10th Cir. 2009). Alternatively, the Court may dismiss the complaint without prejudice, after which the plaintiff may initiate a new action by refiling his complaint and paying the filing fee. *See K.C. Mo. Police*, 158 Fed.Appx. 159, 160 (10th Cir. 2005).

Plaintiff states that his monthly income is $850.00, that his monthly expenses are $560.00, and that he has no money in bank accounts. Because Plaintiff's monthly income exceeds his monthly expenses by $290.00, the Court will deny Plaintiff's application to proceed IFP. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).

Plaintiff shall have three weeks from entry of this Order to pay the filing fee. Failure to timely pay the filing fee may result in dismissal of Plaintiff's Complaint without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3, filed July 3, 2014) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE